UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>BEATRICE CULTON and<br>LAFRESAS HUNDLEY,<br><br>    Defendants. | Case No. 22-12859<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
[1]**

Dene Williams filed suit against Beatrice Culton and Lafresas Hundley in November 2022, seeking "$25,000 for the full amount owed to unemployment under [her] social security number and name" and other relief. (ECF No. 1, PageID.6.) Beyond that, it is not clear what happened. Williams says she is "suing the defendants for the balance with the Michigan Unemployment Agency . . . due to their negligence and prosecution of false information." (*Id.* at PageID.7.) She further explains that they "reported old and falsified documents" to various government agencies "because they used old stuff" rather than a new-hire form. (*Id.*) And though it is somewhat difficult to read, she also indicates that Hundley paid her "in cash for 3 days in the

office" and Culton "wrote [her] a check" and then reported that information to the government. (*Id.* at PageID.7–8.)

Williams' complaint will be dismissed because she failed to plead any facts showing that this Court has jurisdiction over her case. "The bedrock principle of the federal judicial system is that federal courts are courts of limited jurisdiction." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). Thus, they can only decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). And because federal courts have limited jurisdiction, courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). So "[a] plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003).

Williams failed to satisfy her jurisdictional burden here. Though Williams checked the box for federal question jurisdiction on her complaint, she left the remainder of that section of the form blank. (ECF No. 1, PageID.3–4.) And the "Nature of the Suit" section of the Civil Cover Sheet was also left blank. (*Id.* at PageID.9.) And as explained, the fact section does not provide

any further insight on this issue. (ECF No. 1, PageID.7–8.) So no federal claims are adequately asserted. And there can be no diversity jurisdiction because the parties all appear to be residents of Michigan. *See* 28 U.S.C § 1332(a).

Because Williams' complaint fails to identify the basis for this Court's jurisdiction, it is DISMISSED WITHOUT PREJUDICE. A separate judgment will follow.

SO ORDERED.

Dated: January 13, 2023

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE